IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE LORENZO HERNANDEZ, | § § § § | |
| Plaintiff / Garnishor, | | |
| v. | § § § | Case No. 3:25-cv-01975-X-BT |
| SAHEL SAHARA RESTAURANT & FOOD MART, *et al.*, | § § § § | |
| Defendants / Judgment Debtors, | § § | |
| and | § § | |
| WELLS FARGO BANK NATIONAL ASSOCIATION, | § § § | |
| Garnishee. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are (1) Judgment Debtor Bahman Derakhshan's Motion to Dismiss (ECF No. 7); (2) Judgment Debtor Hatem LLC's Motion to Dissolve Writ of Garnishment, Set Aside Judgment, and Invalidate Abstracts of Judgment (ECF No. 8); (3) Movant Afsaneh Rahimi's Amended Objections to Writ of Garnishment (ECF No. 10); and (4) Derakhshan and Rahimi's Amended Motion to Reconsider and Set Aside (ECF No. 15) (collectively, the "Motions"). For the reasons stated, the Motions should be **DENIED WITHOUT PREJUDICE**.

1

## *Background*

This is a garnishment action to enforce a final judgment entered by the Northern District of Texas against Judgment Debtors Bahman Derakhshan and Hatem LLC d/b/a Sahel Sahara Restaurant & Food Mart (Hatem) in *Hernandez v. Sahel Sahara Rest. & Food Mart et al.* (Case No. 3:13-cv-03144-O) (the "Original Action"). *See* Second Corrected J., *Hernandez v. Sahel Sahara Rest. & Food Mart et al.*, Case No. 3:13-cv-03144-O (N.D. Tex. Aug. 21, 2018), ECF No. 24. The Original Action arose from Hatem and Derakhshan's alleged failure to pay Plaintiff overtime or minimum wage compensation in violation of the Fair Labor Standards Act. Order at 1, *Hernandez v. Sahel Sahara Rest. & Food Mart et al.*, Case No. 3:13-cv-03144-O (N.D. Tex. June 9, 2014), ECF No. 14. Upon Plaintiff's motion, the Court in the Original Action entered a default judgment against Derakhshan and Hatem and awarded damages, attorney's fees, and costs. *Id.* at 8.

Later, the Court in the Original Action corrected the original judgment on two occasions, once to correct a misspelling of Judgment Debtor Derakhshan's name and again to identify Judgment Debtor Sahel Sahara Restaurant & Food Mart by its "true name." *See* Mot. to Correct Clerical Error, *Hernandez v. Sahel Sahara Rest. & Food Mart et al.*, Case No. 3:13-cv-03144-O (N.D. Tex. Sept. 8, 2017), ECF No. 20; Order, *Hernandez v. Sahel Sahara Rest. & Food Mart et al.*, Case No. 3:13-cv-03144-O (N.D. Tex. Feb. 23, 2018), ECF No. 21; Mot. to Correct Judgment, *Hernandez v. Sahel Sahara Rest. & Food Mart et al.*, Case No. 3:13-cv-03144-O (N.D. Tex. Aug. 8, 2018), ECF No. 23. The final judgment held Judgment

2

Debtors Derakhshan and Hatem liable for $20,158.22 in damages; $1,285.00 in attorney's fees; and $520.00 in costs. Second Corrected J. at 1, *Hernandez v. Sahel Sahara Rest. & Food Mart et al.*, Case No. 3:13-cv-03144-O (N.D. Tex. Aug. 21, 2018), ECF No. 24 (the "Final Judgment").

Plaintiff then filed applications for writs of garnishment in two related actions, *Hernandez v. Sahel Sahara Rest. & Food Mart et al.* (Case No. 3:18-cv-00915-D) and *Hernandez v. Sahel Sahara Rest. & Food Mart et al.* (Case No. 3:18-cv-02380-N). The present application for a writ of garnishment (the "Application")[1] identifies Wells Fargo Bank National Association (Wells Fargo) as a garnishee that is "indebted to, or possesses non-exempt property belonging to" the Judgment Debtors. Appl. for Writ of Garnishment at 3, ¶ 12 (ECF No. 3). Judgment Debtors Hatem, under the care of its alleged owner Afsaneh Rahimi, and Derakhshan were served with a First Notice of Garnishment. *See generally* First Notice of Garnishment (ECF No. 6). Hatem, Derakhshan, and Rahimi then filed the instant Motions.

---

[1] Plaintiff originally filed the Application in *Hernandez v. Sahel Sahara Rest. & Food Mart et al.* (Case No. 3:18-cv-02380-N). But the Court found that the filings "were improperly filed as part of the existing case rather than as a new case" and directed "the clerk of court to open a new civil action[.]" Order at 1, *Hernandez v. Sahel Sahara Rest. & Food Mart et al.*, Case No. 3:18-cv-02380-N (N.D. Tex. July 29, 2025), ECF No. 26. To the extent that Derakhshan and Rahimi challenge the agreed final judgment entered by Judge Godbey in the related writ of garnishment action, this Court declines to address the final judgment entered in the related matter. *See* Derakhshan and Rahimi's Am. Mot. to Reconsider at 19–20, ¶ 39 (ECF No. 15) (alleging that the agreed final judgment was signed "without good cause and without the jurisdiction to do so").

### *Legal Standards and Analysis*

The crux of the Motions is the validity of the Final Judgment entered in the underlying case, *Hernandez v. Sahel Sahara Rest. & Food Mart et al.* (Case No. 3:13-cv-03144-O). Succinctly stated, Hatem, Rahimi,[2] and Derakhshan contend that the Final Judgment is unenforceable because they were not properly served in the Original Action, and in turn, the writ of garnishment in the instant case is also unenforceable. *See* Hatem's Mot. to Dissolve at 3 (ECF No. 8) ("It is well settled under both State and Federal law that a judgment against a party who was never served is void as a violation of due process.").

Although not entirely clear, the Motions seemingly seek relief from the Final Judgment under Federal Rules of Civil Procedure 59 and 60.[3] *See* Rahimi's Am.

---

[2] The Court notes that Rahimi is neither a named party here nor a named party in the Original Action. Rahimi claims that she "is the person who hired, managed and paid Plaintiff" and therefore "was required to be joined as a material and necessary party." Derakhshan and Rahimi's Am. Mot. to Reconsider at 4, ¶¶ 8–9 (ECF No. 15). But as a non-party to this suit, Rahimi is "not entitled to seek relief under Rule 60. Instead, a non-party may move to intervene pursuant to Rule 24(b)." *Prudhomme v. Geico Ins. Co.*, 2024 WL 4369759, at \*2 (W.D. La. Oct. 1, 2024). This fact alone warrants denial of Rahimi's motions, but as the substance of Rahimi's arguments is similar to Hatem and Derakhshan's contentions, the Court considers Rahimi's requests along with Hatem and Derakhshan's requests.

[3] Movant Bahman Derakhshan also moves to dismiss the writ of garnishment under Federal Rule of Civil Procedure 12(b)(6). In this motion, he requests that the Court "1) dismiss the underlying lawsuit and related cases with prejudice and vacate the final judgment, or in the alternative, to dismiss the underlying lawsuit and related cases without prejudice and vacate the final judgment, and 2) to dissolve the writ of garnishment[.]" Derakhshan's Mot. to Dismiss at 6 (ECF No. 7). The Court liberally construes Derakhshan's request as a motion for reconsideration as he seeks relief from the Final Judgment. *Thorn v. McGary*, 684 F. App'x 430, 432 (5th Cir. 2017) (per curiam) ("[P]leadings of pro se

Obj. at 2 (ECF No. 10) ("The within motion is brought pursuant to Federal Rules of Civil Procedure 60(b)(4); 60(b)(6); 60(d)(2); 60(d)(3), and 29 U.S.C. § 255(a)."); Hatem's Mot. at 3 (ECF No. 8) (citing Rule 60(b)(4)); Derakhshan and Rahimi's Am. Mot. to Reconsider at 3 (ECF No. 15) (referring to Rules 59 and 60).

### *Rules 59(e) and 60(b)*

"The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration." *Greenidge v. Cater*, 2024 WL 4183523, at *1 (N.D. Tex. May 21, 2024) (Lindsay, J.) (citing *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004)). Such motions are usually analyzed under Rule 59(e) or Rule 60(b), depending on the timing of filing. *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) ("A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)" and "[i]f the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60.") (internal citations omitted). The Motions seek relief under Rules 59(e) and 60(b), but because more than twenty-eight days passed between the Final Judgment and the other filings seeking reconsideration, the Court construes those filings as motions for relief from judgment under Rule 60(b).

---

litigants . . . must be construed liberally and reviewed less stringently than those drafted by attorneys.").

Rule 60(b) provides that upon motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)–(6). A Rule 60(b) motion must be made within a reasonable time, and no longer than one year after judgment was entered under subsections (1), (2), and (3). *See* Fed. R. Civ. P. 60(c)(1). "'[R]elief under Rule 60(b) is considered an extraordinary remedy,' and the 'desire for a judicial process that is predictable mandates caution in reopening judgments.'" *Haygood v. Dies*, 2023 WL 2326424, at *4 (5th Cir. Mar. 2, 2023) (per curiam) (internal footnotes omitted) (quoting *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998)). The moving party carries the burden of showing entitlement to relief under any provision of Rule 60(b), and the district court has considerable discretion in determining whether that burden has been satisfied. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994).

The Motions invoke Rule 60(b)(4) and allege that the Final Judgment is void because the Judgment Debtors were not properly served in the Original Action. *See*

Hatem's Mot. at 5 (ECF No. 8) ("[B]ecause [Hatem] was never served and was, in fact, never even a defendant under the original case, not only is the judgment void, the writ of garnishment is invalid because there is no valid final judgment in the case."). But this Court lacks the power to grant Rule 60(b) relief because a "motion for relief from final judgment must be filed in the district court and *in the action in which the original judgment was entered.*" *Bankers Mortg. Co. v. U.S.*, 423 F.2d 73, 78 (5th Cir. 1970) (emphasis added); *see also Ayala v. U.S.*, 2024 WL 5410426, at *2 (W.D. Tex. Nov. 19, 2024) (declining to consider the plaintiff's motion for relief from judgments entered in other Western District of Texas cases), *adopted by* 2025 WL 495564 (W.D. Tex. Feb. 13, 2025); *Richardson v. Quarterman*, 2006 WL 3626974, at *2 n.1 (N.D. Tex. Dec. 12, 2006) (Lindsay, J.) ("A proper Rule 60(b) motion should be filed and addressed in the same case as the challenged judgment."); *Montesinos v. Wilmington Savings Fund Soc'y, FSB*, 2020 WL 13430016, at *2 n.11 (S.D. Tex. Apr. 27, 2020) (noting that a Rule 60(b) motion seeking to vacate a previous judgment "must be filed in the case where the judgment was entered"). Thus, Hatem, Derakhshan, and Rahimi's Motions seeking relief from the Final Judgment under Rule 60(b), *see* ECF Nos. 7, 8, 10 & 15, should be **DENIED WITHOUT PREJUDICE**. Hatem, Derakhshan, and Rahimi may file their requests for relief from the Final Judgment in the Original Action.

### *Rule 60(d)(3)*

Derakhshan and Rahimi's motions also argue that Plaintiff is "barred from ever asserting any causes of action and to enforce any cause of action" against the

Judgment Debtors because of numerous alleged violations of the Federal Rules of Civil Procedure in the Original Action, which Derakhshan and Rahimi describe as "bad faith litigation." Rahimi's Am. Obj. at 3, 26–27, 31 (ECF No. 10) ("By failing to comply with the Federal Rules of Civil Procedure as it relates to amending pleadings and notice requirements, [Plaintiff] violated [Hatem] and Rahimi's Constitutional right to due process."); *see also* Derakhshan and Rahimi's Am. Mot. to Reconsider at 8, ¶ 24 (ECF No. 15) (alleging that the abstract judgments in the Original Action contained "fraudulent" statements). Derakhshan and Rahimi also contend that Plaintiff and Wells Fargo "devised a plan and strategy to circumvent the two year statute of limitations as prescribed by 29 U.S.C. § 255(a)" by concealing material facts. Derakhshan and Rahimi's Am. Mot. to Reconsider at 11–12, ¶ 29(iv) (ECF No. 15). The Court interprets these arguments as requests to set aside a judgment for fraud on the court. *See id.* at 3 (stating that the motion is brought in part under Rule 60(d)(3)).

A motion for relief from the underlying judgment under Rule 60(d)(3) "functions as a saving clause: it allows courts to 'set aside a judgment for fraud on the court' without a strict time bar." *Bowman v. Stephens*, 2015 WL 4635935, at *1 (N.D. Tex. Aug. 4, 2015) (O'Connor, J.) (quoting *Buck v. Thaler*, 452 F. App'x 423, 431 (5th Cir. 2011)); *see also Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1337–38 (5th Cir. 1978) (Rule 60(d)(3) motion alleging fraud on the court is "not subject to any time limitation"). Consequently, the standard under Rule 60(d)(3) to prove

"fraud on the court" is demanding and "more exacting" than the standard for proving fraud under Rule 60(b)(3). *Rozier*, 573 F.2d at 1337.

To prevail on the Rule 60(d)(3) motions, Derakhshan and Rahimi have the burden to establish that there was fraud on the court by clear and convincing evidence. *Kinnear-Weed Corp. v. Humble Oil & Ref. Co.*, 441 F.2d 631, 636 (5th Cir. 1971) (collecting cases). Establishing fraud on the court requires proving "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated[.]" *Rozier*, 573 F.2d at 1337–38 (quotation omitted). Fraud on the court is a "narrow concept" and should "embrace only the species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner[.]" *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989). "Alternately stated, '(in) order to set aside a judgment or order because of fraud upon the court . . . it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision.'" *Rozier*, 573 F.2d at 1338 (citing *England v. Doyle*, 281 F.2d 304, 309 (9th Cir. 1960)).

Ultimately, Derakhshan and Rahimi do not meet the demanding burden to establish this narrow class of fraud by clear and convincing evidence. Derakhshan and Rahimi contend that Plaintiff "abused the minimum and overtime wage laws, engaged in misuse of process and knowingly made materially false statements in documents filed in this case and related cases in order to obtain unjustified and

unfair monetary awards for [Plaintiff] and equally unjustified and unfair attorneys' fees[.]" Rahimi's Am. Obj. at 4 (ECF No. 10). But Derakhshan and Rahimi cite no authority holding that such alleged actions fit within the narrow, extreme species of fraud which would justify vacating a judgment under Rule 60(d)(3).

To the extent that Derakhshan and Rahimi allege that Plaintiff and Wells Fargo concealed facts from them and the court, it is a "well-settled rule that the mere nondisclosure to an adverse party and to the court of facts pertinent to a controversy before the court does not add up to 'fraud upon the court' for purposes of vacating a judgment under Rule 60[(d)(3)]." *Wells Fargo Bank, Nat'l Ass'n as Tr. v. Pitre*, 2019 WL 3769714, at *3 (N.D. Tex. July 12, 2019) (Rutherford, J.) (quoting *Haskett v. W. Land Servs., Inc.*, 761 F. App'x 293, 297 (5th Cir. 2019) (per curiam)), *adopted by* 2019 WL 3769222 (N.D. Tex. Aug. 9, 2019) (Godbey, J.). As Derakhshan and Rahimi do not present clear and convincing evidence of fraud on the court, there is no justification for vacating the Final Judgment. And "[w]hether relief should be granted based on fraud on the court under Rule 60(d) is committed to the sound discretion of the district court, and district courts are given wide discretion in denying such motions." *Buck*, 452 F. App'x at 431. Therefore, Derakhshan and Rahimi's request for relief under 60(d)(3), *see* ECF Nos. 10 & 15, should be **DENIED WITHOUT PREJUDICE**.

*Other Grounds for Reconsideration*

Derakhshan and Rahimi also bring their motions under Rule 59(d), Rule 60(d)(2), and 29 U.S.C. § 255(a). *See* Rahimi's Am. Obj. at 2 (ECF No. 10);

10

Derakhshan and Rahimi's Am. Mot. to Reconsider at 3, ¶ 6 (ECF No. 15). But the Court sees no discernable connection between these cited authorities and the requests for relief from the Final Judgment.[4]

First, Rule 59(d) is plainly inapplicable to this suit because there has never been a trial in any of the related actions. Fed. R. Civ. P. 59(d) (discussing when the court may order a new trial). Second, Derakhshan and Rahimi do not explain how Rule 60(d)(2) entitles them to relief. *See* Fed. R. Civ. P. 60(d)(2) (stating that courts have power to grant relief under 28 U.S.C. § 1655). Indeed, the Court did not locate any portion of the briefings addressing 28 U.S.C. § 1655. Finally, 29 U.S.C. § 255 sets forth the statute of limitations "to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages" under the Fair Labor Standards Act, and does not entitle Derakhshan and Rahimi to any post-judgment relief. Rather, Derakhshan and Rahimi cite this statute to support their argument that Plaintiff perpetrated fraud upon the court. *See* Derakhshan and Rahimi's Am. Mot. to Reconsider at 12, ¶ 29(iv) (ECF No. 15) ("Plaintiff's attorneys and Wells Fargo devised a plan and strategy to circumvent the two year statute of limitations as prescribed by 29 U.S.C. § 255(a)."). Thus, the

---

[4] Derakhshan and Rahimi also move to "set aside the Order, dated May 5, 2025" entered by Judge Godbey in Case No. 3:18-cv-02380-N. *See* Order (ECF No. 13) (transferred to the current docket). Upon review, Judge Godbey terminated Rahimi's motion in light of her amendment, which superseded her previous motion. Therefore, the Court declines to set aside this Order.

Court determines that Derakhshan and Rahimi have not shown that they are entitled to post-judgment relief in this action.

### *Recommendation*

For the above reasons, the District Judge should **DENY WITHOUT PREJUDICE** Hatem, Derakhshan, and Rahimi's Motions (ECF Nos. 7, 8, 10, & 15). Hatem, Derakhshan, and Rahimi may file their requests for relief from the Final Judgment in the Original Action or their challenges to the previous writs of garnishment in the action in which the judgment was entered.

**SO RECOMMENDED**.

March 13, 2026.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

12